# ORIGINAL

1 | PETER PRIAMOS
State Bar No. 36118
2 | 18411 Crenshaw Blvd. Ste. 360
Torrance, CA 90504
3
(310) 329-4700
4
ATTORNEY FOR DEFENDANT GARCIA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 18 2006

at ____ o'clock and ____ min. ____ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> CARLOS ALBERTO GARCIA, (02) <br> Defendant. | Case No.: 05-00046-02 JMS <br><br> **DEFENDANT GARCIA'S SENTENCING STATEMENT** <br><br> Sentencing Date: July 6, 2006 <br> Time: 1:30 p.m. <br> Judge: J. Michael Seabright |

Defendant, CARLOS ALBERTO GARCIA, through his counsel of record, hereby files his SENTENCING STATEMENT. In support thereof, he submits the attached Memorandum of Points and Authorities and files and records of this case.

Dated: May 12, 2006

PETER PRIAMOS, Attorney for
Defendant CARLOS ALBERTO
GARCIA

DEFENDANT GARCIA'S SENTENCING STATEMENT

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## SUMMARY OF POSITION

The defendant anticipates that by the date of the sentencing hearing in this matter the defendant will have successfully completed his "debriefing" and will have earned a significant 5K1.1 reduction for cooperation. Additionally, he will be eligible for a so called 5C1.2 "safety valve" reduction of 2 levels, and a 2 point departure pursuant to U.S.S.G. section 5K2.0, "Aberrant Behavior", since this 32 year old defendant has never been convicted of a crime before and that this current behavior is clearly "aberrant". This sentencing request is based upon the fact that the United Stated Sentencing Guidelines are now advisory per the "Booker" decision, and that this Court is fully justified even under the Sentencing Guidelines to declare such a sentence.

## INTRODUCTION

In the instant case the defendant plead guilty pursuant to a Plea Agreement to one count of violating 18 U.S.C. section 841(a)(a) and 846, Conspiracy to possess with intent to distribute in excess of 500 grams of methamphetamine. The defendant entered into the Plea Agreement with the United States Attorney subject, of course, to the Court's approval.

The Presentence Report and the Plea Agreement make the following Sentence Computations:

| | |
|---|---|
| Base Level - | 38 |
| Specific Offense Characteristics - | 0 |
| Victim Related Adjustments - | 0 |
| Adjustment for obstruction of Justice - | 0 |

DEFENDANT GARCIA'S SENTENCING STATEMENT

2

| | |
|---|---:|
| Adjustment for Acceptance of Responsibility - | -3 |
| Total Offense Level = | 35 |

The Sentencing Guideline range for a level 35, with the defendant's Criminal History level one, i.e. no prior offenses, is 168 t0 210 months in custody.

## THE BOOKER DECISION

In <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), the Supreme Court ruled that the United States Sentencing Guidelines were unconstitutional in violation of the Sixth Amendment to the Constitution. The Court then declared that the Guidelines were "advisory" in nature and severed the governing statute that made them mandatory, 18 U.S.C. section 3553(b)(1). Thus the sentencing in this case need not be strictly controlled by the Guidelines and the 135 month sentenced recommended by the Government.

The Court did, however, "...require...a sentencing court to consider Guideline ranges, see 18 U.S.C.A. section 3553(a)(4) (Supp. 2004), but <u>it permits the court to tailor the sentence</u> in light of other statutory concerns as well." (emphasis added). Thus this court is within its rights and powers to consider the lesser sentence recommended herein though the court should "consult" the Guidelines and "take them into account when sentencing". 125 S.Ct. at 767.

## <u>DEFENDANT HAS BEEN COOPERATING WITH THE GOVERNMENT AND WILL BE ENTITLED TO A SIGNIFICANT 5K1.1 REDUCTION FOR HIS COOPERATION</u>

Defendant Garcia has been cooperating with the government and a major downward departure should be made in this case because of his substantial assistance to

---

DEFENDANT GARCIA'S SENTENCING STATEMENT

3

the government.

Section 5K.1.1 reads as follows:

> Substantial Assistance to Authorities
>
> Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.
>
> (a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:
>
> (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
>
> (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
>
> (3) the nature and extent of the defendant's assistance;
>
> (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;
>
> (5) the timeliness of the defendant's assistance.

The defendant has provided valuable and significant assistance to the government has been timely, truthful, complete and reliable. While there is no fixed "formula" in determining the amount of the downward departure for 5K1.1 cooperation, and <u>the court is the ultimate arbiter of the amount granted</u>, (according to the "Authors' Comments" under

DEFENDANT GARCIA'S SENTENCING STATEMENT

4

the Sentencing Guidelines) the Court is requested to <u>significantly reduce</u> the Adjusted Offense Level with a <u>major downward departure</u> for the defendant's cooperation as the court feels is appropriate under the circumstances.

## <u>DEFENDANT HAS MET ALL THE REQUIREMENTS NECESSARY TO ENTITLE HIM TO A 5C1.2 SAFETY VALVE TWO LEVEL DOWNWARD DEPARTURE</u>

The pertinent Safety valve section, 5C1.2.(5) reads as follows:

Section 5C1.2.   <u>Limitation on Applicability of Statutory Minimum Sentences in Certain Cases</u>

In the case of an offense under 21 U.S.C. Section 841..., the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. Section 3553(f)(1)-(5) set forth verbatim below:

(5) Not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has

DEFENDANT GARCIA'S SENTENCING STATEMENT

5

complied with this requirement.

Since the defendant has "truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct" and has met the other requirements of section 3553(f)(1) to (4), the defendant is entitled to the benefit of the "safety valve" and should not be sentenced to the 10 year minimum sentence in connection with these charges, and he should be entitled to a 2 point reduction in the Total Offense Level.

## DEFENDANT IS ENTITLED TO A 2 POINT REDUCTION BECAUSE HIS CRIME WAS AN ABERRANT BEHAVIOR

Under Section 5K2.0 the Guidelines allow for downward departures where the "...Commission has not been able to take into account fully [certain factors] in formulating the guidelines." One of those factors that is widely recognized is "aberrant behavior". Cf U.S.. v. Thomas Everett Fairless, Jr. (1992 9th Cir.) 975 F.2d 664, 1992 U.S. App. Lexis 22725.

The Supreme Court has set forth standards for review in these situations in Koon v. United States, 518 U.S. 81, 135 L.Ed. 2d 392 (1996), which are as follows:

> "[b]efore a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guideline. To resolve this question, the district court must make a refined assessment of the many facts bearing on the outcome, informed by its vantage point and day-to-day experience in criminal sentencing."

DEFENDANT GARCIA'S SENTENCING STATEMENT

6

In the instant case we have a defendant who is 32 years old and <u>who has never been convicted of a crime</u> before and has no criminal record! There was no violence involved in the crimes charged, and no indication that the defendant had been a life long criminal intent on hurting others.

## CONCLUSION

Defendant Garcia is not a life long, professional criminal who has spent years flouting the law. He has made a tragic mistake and should certainly pay a price for his inexcusable actions, but who should not be made to suffer an interminable amount of time in custody.

Quoting from <u>Koon v. United States</u>, supra:

> "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as in individual and every case as a unique study i the human failing that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. We do not understand it to have been the congressional purpose to withdraw all sentencing discretion from the United States district judge."

Accordingly, it is respectfully requested that Defendant Garcia have his total offense level reduced in accord with the about recommendations.

Dated: May 1\_, 2006

_____
PETER PRIAMOS, Attorney

DEFENDANT GARCIA'S SENTENCING STATEMENT

7

For Defendant CARLOS GARCIA

---

DEFENDANT GARCIA'S SENTENCING STATEMENT

8

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES;

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action: my business address is 3580 Wilshire Blvd, Suite 1045, Los Angeles, California 90010-2501.

On May 12, 2006, I served the foregoing document described as DEFENDANT GARCIA'S SENTENCING STATEMENT on all interested parties by placing copies in a pre-paid envelope addressed as follows, and placing it in the United States Mail at Los Angeles, California:

A.U.S.A. Beverly Wee Sameshima
PJKK Federal Building, Room 6-100
300 Ala Moana Blvd.
Honolulu, Hawaii 96850

John Davis, USPO
United States Probation Office
300 Ala Moana Blvd., Rm C-110
Honolulu, Hawaii 96850-0110

Executed on May 12, 2006 at Los Angeles, California.

I declare under penalty of perjury that the above is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
KENNETH H. LEWIS

---

DEFENDANT GARCIA'S SENTENCING STATEMENT

9